# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

Kamal Roy,

    Plaintiff,

v.                                                          CV 07-773 WPL/RHS

John Roberts, et al.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter arises out of a pro se complaint filed by Plaintiff Kamal Roy. On September 6, 2007, I filed an Order directing Plaintiff to file "an amended Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure on or before October 5, 2007." (Doc. 4 at 1.) Plaintiff has failed to comply with this Order.

In light of Plaintiff's failure to comply with Rule 8 of the Federal Rules of Civil Procedure, it appears that Plaintiff's Complaint must be dismissed for failure to state a claim.[1] Under Rule 8, parties must file "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff's Complaint is almost entirely illegible, and the few sections that are legible lack any resemblance to a cognizable legal claim. Because "no discernable claim is apparent from the complaint, and it does not give fair notice to the defendants regarding the grounds

---

[1] Plaintiff "is no stranger to litigation and has filed numerous lawsuits throughout the United States and its territories under the names of Roy and Joseph Geronimo, Jr., as well as entities he is affiliated with (i.e., Jungle Democracy, Handicap Interests International, Reforms International) . . . ." *Roy v. United States*, Civ. No. 06-685-SLR, 2007 U.S. Dist. LEXIS 30014, at *2 (D. Del. April 24, 2007). Likewise, Plaintiff is not unfamiliar with the requirements of Rule 8. The Tenth Circuit recently dismissed a lawsuit filed by Plaintiff for Plaintiff's failure to comply with Rule 8. *See Jungle Democracy, v. United States*, 206 Fed. App'x 756, 756 (10th Cir. 2006). Plaintiff's failure to adhere to the requirements of Rule 8 in this action should result in a similar disposition of his Complaint.

upon which the plaintiff's claims rest," I conclude that Plaintiff's Complaint fails to state a claim upon which relief may be granted. *Jungle Democracy, v. United States*, 206 Fed. App'x 756, 756-57 (10th Cir. 2006); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 n.3 (2007) ("While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out *in detail* the facts upon which he bases his claim,' . . . Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." (emphasis in original)); *Jungle Democracy v. United States*, No. 06-cv-00676, 2006 U.S. Dist. LEXIS 67917, at *1 (D. Colo. June 8, 2006) ("A decision to dismiss a pleading pursuant to Rule 8 is within the Court's sound discretion . . . . The burden Mr. Roy places upon Defendants and the Court to identify, interpret, and respond to his specific claims is unreasonable. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a).").

Although this case has been randomly assigned to me to serve as the presiding judge, no consents to proceed before a magistrate judge have been filed. Because dismissal of an action is dispositive, only a district judge has authority to decide if dismissal is indeed appropriate. Accordingly, I recommend that this action be reassigned to a district judge and dismissed for failure to state a valid claim.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE